In the District Court of the United States
For the District of South Carolina
BEAUFORT DIVISION

RECEIVED
USDC CLERK, CHARLESTON, SC
2006 MAR 17 P 12: 16

| | |
|---|---|
| Andrea Fernanders, #188970, ) | C/A No. 9:03-2752-RBH-GCK |
| ) | |
| Petitioner, ) | |
| vs. ) | |
| ) | |
| E. Richard Bazzle; and ) | |
| Henry McMaster, Attorney General ) | **ORDER VACATING PLEA** |
| of South Carolina; ) | |
| ) | |
| Respondents. ) | |

## I. INTRODUCTION

This matter is before the Court by way of the above-mentioned Petitioner's Petition for Habeas Corpus filed pursuant to 28 U.S.C. § 2254 on August 19, 2003.[1] The parties have consented to have the undersigned exercise jurisdiction in this matter [29-1], and the Honorable R. Bryan Harwell, United States District Judge, issued an order on August 8, 2005, allowing the undersigned United States Magistrate Judge to enter judgment herein. [31-1]. After a thorough and careful review of the record, pleadings, summary of discovery, and arguments in this case, the undersigned grants relief to the Petitioner and vacates the Petitioner's guilty plea entered on April 12, 1999, in Spartanburg County, South Carolina, on the following charges of the noted indictments: 99-GS-42-148 (trafficking crack cocaine); 99-GS-42-149 (possession with intent to distribute marijuana); 99-GS-42-1828 (possession of marijuana); 99-GS-42-1829 (possession with intent to distribute cocaine); 99-GS-42-1831 (possession with intent to distribute marijuana); 99-GS-42-1832 (possession with intent to distribute crack cocaine).

---

[1]   Pursuant to *Houston v. Lack*, 487 U.S. 266 (1988), and this Court's order of August 28, 2003, n.1. [3-1]

This Court finds relief is warranted after review of the following:

## II. PROCEDURAL HISTORY

The Petitioner, Andrea Fernanders, is currently incarcerated in the Perry Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court of Spartanburg County as a result of his guilty plea entered on April 12, 1999.

Petitioner was indicted in January 1999 for trafficking crack cocaine and possession of a firearm or knife during the commission of a violent crime (99-GS-42-148); possession with intent to distribute marijuana (99-GS-42-149); and possession of a pistol by a person convicted of a violent crime (99-GS-42-150). Petitioner was subsequently indicted, in April 1999, for possession of a pistol by a person convicted of a violent crime (99-GS-42-1827); possession of marijuana (99-GS-32-1828); possession with intent to distribute cocaine (99-GS-42-1829); possession of a pistol by a person convicted of a violent crime (99-GS-42-1830); possession with intent to distribute marijuana (99-GS-42-1831); and possession with intent to distribute crack (99-GS-42-1832). Michael D. Morin, Esq., represented Petitioner on the charges. After discussions with counsel, and counsel's negotiations with the State, Petitioner chose to enter a guilty plea.



On April 12, 1999, Petitioner pled guilty in exchange for a recommendation of concurrent sentences. The drug charges were treated as third offenses except for the trafficking charge which was, apparently by agreement, treated as a second offense. (App. pp. 2-5).[2] Counsel

---

[2]  The App. cites in this document refer to the Appendix from the post-conviction relief action submitted as an attachment to Respondent's Return and Memorandum of Law in Support of Motion for Summary Judgment. [7-1]

confirmed to the plea judge that Petitioner had two prior drug offenses in his record. (App. p. 17). The Honorable Henry F. Floyd heard and accepted the plea. The judge accepted the recommendation and imposed a sentence of thirty (30) years on the trafficking charge with all other sentences of equal or lesser terms concurrent. (App. p. 20, line 14 - p. 21, line 25).

Petitioner appealed. Appellate counsel filed a no-merits brief generally challenging the guilty plea record. The South Carolina Court of Appeals dismissed the appeal on April 25, 2000.

Petitioner filed an application for post-conviction relief ("PCR") on March 30, 2001, and asserted, along with other issues, a general allegation of ineffective assistance of counsel and a specific allegation that his sentence was unlawfully enhanced. On June 17, 2002, the PCR judge denied relief on this issue. Petitioner appealed. He again argued in his *pro se* documents that his sentence enhancement was improper. On July 24, 2003, the Supreme Court of South Carolina denied the petition for certiorari review.



Petitioner then filed the instant habeas petition on August 28, 2003, and asserted that his sentence was improperly enhanced. [1-1] Respondents filed a Motion for Summary Judgment and a Return Memorandum of Law in Support of Motion for Summary Judgment on December 1, 2003. [6-1; 7-1] By filings made December 15 and 22, 2003, Petitioner made his response and asserted that plea counsel's representation was deficient in that counsel failed to object to the use of two prior misdemeanor drug convictions (one in 1987 and one in 1991) to enhance Petitioner's sentence exposure for six drug charges. [9-1; 10-1] Petitioner also asserted that counsel's error, in turn, affected Petitioner's consideration of the offered plea, in that he would not have plead guilty but for the erroneous advice the prior offenses could be used to enhance his sentence. [10-1]

Page 3 of 11

On December 22, 2003, the undersigned issued an Order directing Respondents to research the facts concerning the applicability of Petitioner's prior record for enhancement purposes. [11-1] On January 9, 2004, after compliance with the December Order, Respondents filed a Motion to Withdraw Motion for Summary Judgment and Motion for Grant of Discovery. [12-1] Respondents asserted, based upon review of state records, that Petitioner's 1987 prior misdemeanor conviction was in fact a bond forfeiture that under state law could not be used to enhance a subsequent offense. [12-1] Respondents then moved for a discovery order to further investigate the facts, including other convictions that may have been applicable for enhancement purposes that would render the error non-prejudicial. [12-1] Respondents also moved for an order appointing counsel for Petitioner. [15-1] The undersigned granted the motion and appointed Tara D. Shurling, Esquire, on February 3, 2004. [16-1]

On August 4, 2005, Respondents submitted an Amended Return, with supporting documentation, that contained the following summary of facts found through the discovery process:



### *SUMMARY OF FACTS FOUND IN DISCOVERY*

> The attached certified disposition shows that the 1987 conviction was actually a bond forfeiture. Further, the state records reviewed in discovery, and attached hereto, show that Petitioner's 1991 conviction, though not a bond forfeiture as initially claimed, could not be used for enhancement. Only uncounseled misdemeanor convictions that did not result in a term of imprisonment may be used to enhance. *Nichols v. United States*, 511 U.S. 738, 749 (1994). The 1991 state records show Petitioner was incarcerated briefly after adjudication in addition to paying a fine. The NCIC report and the certified disposition reflect the 1991 sentence as a fine or thirty days imprisonment. There is no indication of counsel or waiver. Therefore, the records uncovered in discovery suggest that neither of the offenses could have been used for enhancement. [FN3] The

remainder of Petitioner's record prior to the 1999 plea does not otherwise support treatment of the present offenses as third offenses. Attached and incorporated by reference is a copy of the certified dispositions; a copy of the NCIC report; and, a copy of a December 3, 2004 letter from Major Doug Horton of the Spartanburg Public Safety Department regarding the 1991 conviction and date of release.

[FN3] Respondents must rely on their own state records. Those records show Petitioner (under a known, and undisputed, alias of Vaughn) was convicted of a misdemeanor drug offense in a 1991 bench trial, and was subsequently incarcerated for approximately one day, in addition to the payment of a fine. This would indicate the conviction could not be used as incarceration followed as a result of the conviction. *Nichols, supra*. However, Respondents assert that if any additional information should be located that could not be located in this action, that it will present same in subsequent sentencing proceedings, and will request the 1991 conviction be used for enhancement purposes, if appropriate. Respondents have no further records at this time, and are not aware of any readily available alternative records to search.[3]

### III. EXHAUSTION



The records presented in the initial Return and Memorandum of Law in Support of Motion for Summary Judgment [7-1] show that Petitioner raised a claim in his state PCR action regarding counsel's advice in the circuit court with respect to sentence enhancement, as well as in his *pro se* filings in the Supreme Court of South Carolina by way of the State's *Anders* review allowed in PCR appeals. The Court finds the issue sufficiently preserved for review in this federal habeas action. *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (to properly exhaust an issue for habeas review, a habeas petitioner must present the issue for review by highest state court).

---

[3] *See* [30-1].

## IV. DISCUSSION

Federal habeas corpus relief is available only where the petitioner shows that the PCR judge's ruling was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or" that the ruling "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "The Supreme Court has interpreted these provisions to require that federal courts accord considerable deference in their review of state habeas proceedings." *Lovitt v. True*, 403 F.3d 171, 178 (4th Cir. 2005). In regard to the facts, state court factual findings reviewed in a habeas action must be presumed to be correct, and the Petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In this case, the record shows that the PCR court unreasonably determined that counsel did not err in regard to investigating the bond forfeiture. Petitioner is entitled to relief.



To present a successful claim based on ineffective assistance of counsel in the context of a guilty plea, a petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) a reasonable probability exists that but for counsel's error, he would not have pled guilty. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985). In the present case, Petitioner has shown error.

Petitioner entered his guilty plea on April 12, 1999. Approximately two (2) months prior to the plea, on February 16, 1999, the Supreme Court of South Carolina decided *Scott v. State*, 334 S.C. 248, 513 S.E.2d 100 (1999), which held that a bond forfeiture on a drug charge is not a conviction for enhancement purposes. *Scott v. State* clearly was applicable to Petitioner's case. At the PCR hearing, however, Petitioner's counsel testified that he could not recall any research

Page 6 of 11

on whether the misdemeanor charges could be used to enhance sentencing. With respect to the *Scott* decision, Petitioner's counsel testified as follows:

> Q. Did, did you ever check to see whether or not there was information that would lead you to believe that they had been convictions as a result of a bond forfeiture?
>
> A. I didn't. This was in 1999, which was the same time that the Supreme Court made that ruling about bond forfeitures not being treated as convictions. I don't know where the timing was in that. That's something that I do now. But I don't know that I did it in this case.
>
> Q. Did, did you ever have any conversation with Mr. Fernanders or did he ever say anything to you about those cases being bond forfeitures?
>
> A. We didn't have a conversation about whether they were bond forfeitures or convictions. They were showing up as convictions, and that's what I was treating them as. (App. p. 163).



On cross-examination, however, counsel testified that he "adjusted" his practice to investigate misdemeanor convictions for evidence of bond forfeiture after the *Scott* decision on bond forfeitures was issued, and even suggested the *Scott* case may have been published after the plea. (App. p. 167) The state PCR judge found counsel's testimony credible, but rejected the claim of error. (App. p. 187)

The record supports that the PCR judge in this case applied the correct error and prejudice test as determined by clearly established federal law recognizing the Constitutional guarantee of effective assistance of counsel. (App. p. 187) *See Strickland v. Washington*, 466 U.S. 668

Page 7 of 11

(1984); *Hill, supra.* The question then becomes whether his ruling was supported by an unreasonable determination of facts. The controlling factual determination is whether counsel erred in failing to investigate whether the prior offenses were bond forfeitures. The PCR judge determined there was no error. (App. p. 187) However, the record shows that counsel's own testimony, which the PCR judge found to be credible, (App. p. 187), actually supports the conclusion that counsel failed to research whether the misdemeanor convictions were bond forfeitures that could not be used to enhance a sentence. (App. p. 163) Petitioner's counsel even testified that such research was, in effect, standard after the *Scott* opinion. (App. pp. 163, 167) In other words, the record could only reasonably support the finding of error.

The *Scott* opinion, which announced bond forfeitures could not be used as prior convictions to enhance sentence, was issued on February 16, 1999. As stated above, the plea was not entered until April 12, 1999. Significantly, counsel testified that it was his practice after *Scott* to research a defendant's prior record for bond forfeitures. (App. p. 167) Counsel failed to research the prior convictions in this case. That was clear error. Moreover, subsequent discovery in this action determined that the 1987 conviction was, in fact, a bond forfeiture, as Petitioner contended in his PCR action.[4] Finally, it is not lost on the Court that, if counsel had investigated Petitioner's record, in addition to finding the bond forfeiture, he would have also discovered an argument, as that advanced in the instant action, that the 1991 conviction could not be used. However, this Court need not determine if the 1991 conviction may be used, as it is without question that the 1987 conviction should not have been used.

---

[4] This Court notes that Petitioner submitted a document referencing the 1987 conviction and showing a handwritten notation of "BF" in his *pro se* filings in the South Carolina Supreme Court. (*Pro se* brief filed May 12, 2003).

Having established that error occurred, Petitioner must still show prejudice to be entitled to relief. *Hill, supra.* This Court finds Petitioner has shown prejudice. First, prejudice has been shown in light of the multiple year differences between the sentence exposure based on first, second, and third level offenses.[5] Without doubt, removing the 1987 conviction from the sentencing equation would have reduced sentence exposure. Second, prejudice has been shown in light of the record that reflects counsel erroneously advised Petitioner with respect to the prior record's effect on sentencing. Counsel advised Petitioner the two prior offenses would be used against him which, necessarily, skewed advice on sentence exposure. (App. pp. 161-163) Consequently, there is a reasonable probability that had Petitioner been advised that his 1987 offense could not have been used to enhance his sentence, he would not have pled guilty under the terms so offered. *Hill, supra.*

Having shown the PCR judge erred in making an unreasonable determination regarding error, and having shown both error and prejudice in the record, Petitioner is entitled to relief.

## V. CONCLUSION

The facts recited herein as offered in Respondents' Amended Return are accepted in lieu of an evidentiary hearing. This Court dispenses with the necessity of the hearing and enters this Order granting relief. The facts show that Petitioner is entitled to relief on the allegation of an involuntary plea based on ineffective assistance of counsel (failure to adequately investigate whether the prior misdemeanor convictions were bond forfeitures). This issue would correspond to Petitioner's argument in Allegations "A" and "C." Petitioner's remaining issues need not be addressed in light of this Court's order. The Court notes that nothing in this Order prevents the



---

[5] *See* [20-1] at pp. 5-7.

Page 9 of 11

retrial of Petitioner on the instant drug charges. Moreover, the State is not prohibited from litigating the validity of the use of the 1991 charge. The findings in this Order are strictly made in connection with counsel's investigation of, and advice concerning, the 1987 bond forfeiture which, under current and relevant state law, cannot be used to enhance Petitioner's sentence.

IT IS THEREFORE ORDERED:

1. The guilty plea to the following charges of the noted indictments is VACATED:

    99-GS-42-148 (trafficking crack cocaine);

    99-GS-42-149 (possession with intent to distribute marijuana);

    99-GS-42-1828 (possession of marijuana);

    99-GS-42-1829 (possession with intent to distribute cocaine);

    99-GS-42-1831 (possession with intent to distribute marijuana);

    99-GS-42-1832 (possession with intent to distribute crack cocaine); and,

2. Petitioner shall be returned to the Spartanburg County Detention Center within sixty (60) days from the date of entry of this order to stand trial or otherwise address the charges noted herein; and,

3. Counsel for Petitioner, Tara D. Shurling, Esquire, is relieved of her appointment as counsel for the Petitioner, as she has completed the representation which she was called upon to provide.[6]

---

[6] Counsel was appointed for representation only in the instant federal action. Petitioner may be required to apply for counsel through Spartanburg County by the means normally afforded indigent prisoners awaiting trial on pending charges if he desires the representation of appointed counsel in the future in regard to this matter.

**IT IS SO ORDERED.**

*[signature]*

George C. Kosko
United States Magistrate Judge

March 16, 2006
Charleston, South Carolina